# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| KENNETH ERICKSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> RENEE BAKER et al., ) <br> ) <br> Defendants. ) | 3:15-cv-00068-RCJ-VPC <br><br> ORDER |

This is a prisoner civil rights case brought pursuant to 42 U.S.C. § 1983.  The Court having directed Plaintiff to properly complete an application to proceed *in forma pauperis*, and Plaintiff having completed one, the Court now screens the Complaint.

## I.      LEGAL STANDARDS

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1)–(2).  Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule 12(b)(6), and the court applies the same standard under § 1915A. *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012).  When a court dismisses a complaint

upon screening, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). All or part of a complaint filed by a prisoner may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in law or in fact. This includes claims based on legal conclusions that are untenable, e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual allegations, e.g., fantastic or delusional scenarios. *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.   DISCUSSION

The Court finds that the Complaint, to the extent it is intelligible, is delusional. The sparse references to "due process" and other legal terms of art notwithstanding, the gravamen of the claims are unclear. The several motions Plaintiff has filed in the interim further demonstrate the futility of any attempt at amendment.

///

///

///

///

///

///

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion for Leave to Proceed in Forma Pauperis (ECF No. 16) is GRANTED.

IT IS FURTHER ORDERED that the Clerk shall DETACH and FILE the Complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that the Complaint is DISMISSED, without leave to amend, and the Clerk shall enter judgment and close the case.

IT IS FURTHER ORDERED that all other pending motions are DENIED.

IT IS SO ORDERED.

Dated this 9th day of June, 2015.

_____
ROBERT C. JONES
United States District Judge